**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SAMANTHA HEALY**<br>3355 Englewood Street<br>Philadelphia, PA 19149<br><br>Plaintiff,<br><br>v.<br><br>**TRANSPERFECT LEGAL SOLUTIONS, INC.**<br>d/b/a TransPerfect Legal Services<br>1250 Broadway<br>New York, NY 10001<br><br>and<br><br>**MARVIN CONTRERAS, individually**<br>Supervisor<br>c/o TransPerfect Legal Solutions, Inc.<br>1250 Broadway<br>New York, NY 10001<br><br>and<br><br>**CATHERINE DUPONT, individually**<br>Human Resources Generalist<br>c/o TransPerfect Legal Solutions, Inc.<br>1250 Broadway<br>New York, NY 10001<br><br>Defendants. | **NO.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

This action arises under the Americans with Disabilities Act. Plaintiff Samantha Healy, an employee of Defendant TransPerfect Legal Solutions, Inc., was required by Defendant Marvin Contreras to announce to her whole team that she is autistic. Upon information and belief, Defendant Catherine Dupont was the Human Resources Generalist involved in receiving,

reviewing, and/or responding to Plaintiff's Human Resources communications concerning her disability-related treatment. Defendants then failed to treat Plaintiff's disability-related information as private, failed to engage in a meaningful accommodation process, permitted disability-based hostility directed at Plaintiff's neurodivergent communication style, removed Plaintiff from billable work, placed her in an impossible performance framework, and separated her from employment.

## PARTIES

1. Plaintiff Samantha Healy is an adult individual residing at the above-captioned address.
2. TransPerfect is a global language-services and technology company that provides translation, localization, interpretation, and related legal-support services to business clients.
3. Defendant TransPerfect Legal Solutions, Inc. is a covered employer within the meaning of the ADA.
4. Defendant Marvin Contreras was Plaintiff's direct supervisor. At all relevant times, Defendant Marvin Contreras acted individually and as an agent and employee of Defendant TransPerfect Legal Solutions, Inc.
5. Defendant Catherine Dupont is a Human Resources Generalist at TransPerfect Legal Solutions, Inc.
6. Upon information and belief, Defendant Catherine Dupont was the Human Resources Generalist involved in receiving, reviewing, and/or responding to Plaintiff's Human Resources communications concerning her disability-related treatment. At all relevant times, Defendant Catherine Dupont acted individually and as an agent and employee of Defendant TransPerfect Legal Solutions, Inc.

## JURISDICTION AND VENUE

7. This action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.
8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.
9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendant TransPerfect Legal Solutions, Inc. conducts business in this District and the unlawful employment practices alleged herein occurred in this District.
10. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 530-2026-05247.
11. The EEOC issued Plaintiff a Determination and Notice of Rights on June 24, 2026. A true and correct copy is attached as Exhibit A.
12. Plaintiff has filed this action within ninety days of receiving the Determination and Notice of Rights.
13. Plaintiff has satisfied all administrative prerequisites to bringing this action.

## OPERATIVE FACTS

14. Plaintiff worked for Defendant TransPerfect Legal Solutions, Inc.
15. Defendant Marvin Contreras directly supervised Plaintiff.
16. Plaintiff is autistic.
17. Plaintiff also disclosed a diagnosis of Major Depressive Disorder to Marvin Contreras in person in December 2024.
18. Written documentation of Plaintiff's disability-related context was available from March 2025 forward.

19. Plaintiff's disabilities substantially limit major life activities, including communicating, thinking, concentrating, and interacting with others.
20. Plaintiff was qualified for her position and was able to perform the essential functions of her job with reasonable accommodation.
21. After Defendants learned that Plaintiff is autistic, Defendant Marvin Contreras required Plaintiff, in person, to announce to her whole team that she is autistic.
22. Plaintiff did not voluntarily choose to disclose her autism diagnosis to her team. She made the announcement because Defendant Marvin Contreras directed her to do so.
23. Plaintiff's autism diagnosis was private medical and disability-related information.
24. Plaintiff did not need to disclose her autism diagnosis to her team to perform her job.
25. Defendants had no legitimate business reason to require Plaintiff to publicly announce to her team that she is autistic.
26. Requiring Plaintiff to announce her autism to her whole team humiliated Plaintiff and exposed her to disability-based scrutiny by coworkers.
27. After Defendants learned of Plaintiff's disabilities, Defendants failed to engage in a meaningful interactive process.
28. Defendants did not provide reasonable accommodations that would have allowed Plaintiff to perform her job without being subjected to disability-based public exposure and hostility.
29. Defendant Marvin Contreras criticized and mocked Plaintiff's neurodivergent communication style.
30. On June 5, 2025, Marvin Contreras told Plaintiff that she was 'bumping heads' with colleagues, had 'a hard time reading the room,' and should 'stop trying to fix everything that's not your job.'

31. On June 5, 2025, after Plaintiff referenced her neurodivergent traits, Marvin Contreras responded, among other things, 'OMG,' 'What is going on?' and 'Put yourself in my position. How would you manage Sam?'

32. Marvin Contreras's comments treated Plaintiff's disability-related communication traits as a management burden rather than protected disability-related traits.

33. On June 4, 2025, Defendant Marvin Contreras acknowledged in writing that Plaintiff's teammates were rude to her, but Defendants did not take effective corrective action.

34. On August 12, 2025, Plaintiff learned that she had been excluded from a team lunch.

35. On September 17, 2025, Defendant Marvin Contreras became aggressive with Plaintiff in front of her team, called her 'accusatory' for asking a question about time entry, and later acknowledged that his conduct was inappropriate.

36. Plaintiff complained to Human Resources and management, including Defendant Catherine Dupont, regarding the hostile environment and disability-related treatment.

37. On September 25, 2025, Plaintiff emailed Human Resources and management, including Defendant Catherine Dupont and Katharine Perekslis, stating that she wanted to remain employed and be used to her full potential, but did not want to remain on Defendant Marvin Contreras's team. Plaintiff requested to be moved to a different team or manager and further requested that her performance process be overseen by another Director, a neutral Human Resources leader, or a neutral third party.

38. Defendants did not grant that request, did not provide neutral oversight, and did not engage in a good-faith interactive process before continuing the performance process and separating Plaintiff from employment.

39. Upon information and belief, Defendant Catherine Dupont was responsible for receiving, handling, and/or responding to Plaintiff's Human Resources complaints and disability-related issues.
40. On October 1, 2025, Plaintiff sent Human Resources a written legal notice invoking ADA protections and referencing her disability disclosures.
41. Defendants placed Plaintiff on a Performance Improvement Plan (PIP) and maintained a performance framework that Plaintiff stated was structurally impossible because Defendant Marvin Contreras removed her from virtually every case while also serving as the arbiter of her success.
42. During the same period that Defendants placed Plaintiff on the Performance Improvement Plan, Plaintiff was accepted into and/or selected for company AI Champions work, which contradicted Defendants' asserted performance-based justification for disciplining her.
43. On October 3, 2025, Plaintiff responded to the Performance Improvement Plan in writing and stated that the plan was not feasible because Defendant Marvin Contreras removed her from virtually every case, making compliance structurally impossible.
44. Plaintiff further stated that repeated insults, slander, and discriminatory behavior were not part of any professional standard.
45. In Plaintiff's final days of employment, Defendants denied Plaintiff new billable work despite her capacity for additional assignments.
46. Defendants attempted to separate Plaintiff from employment on or about October 7, 2025, and Plaintiff's separation became effective on or about October 8, 2025.
47. Defendants' conduct caused Plaintiff humiliation, emotional distress, lost wages, lost benefits, and other damages.

**COUNT I**
**Violation of the ADA**
**Disability Discrimination and Hostile Work Environment**
**Against Defendant TransPerfect Legal Solutions, Inc.**

48. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

49. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

50. Defendants knew that Plaintiff was autistic and knew that Plaintiff had disclosed disability-related medical information.

51. Defendant Marvin Contreras required Plaintiff to announce to her whole team that she is autistic.

52. Defendants subjected Plaintiff to disability-based hostility, including criticism, ridicule, isolation, and public undermining tied to her neurodivergent communication style.

53. Defendants' conduct was severe and/or pervasive enough to alter the terms and conditions of Plaintiff's employment.

54. Defendants removed Plaintiff from work, maintained a structurally impossible performance framework, and separated Plaintiff from employment because of her disability and disability-related traits.

55. Defendants' conduct constitutes unlawful disability discrimination in violation of the ADA.

**COUNT II**
**Violation of the ADA**
**Failure to Accommodate and Failure to Engage in the Interactive Process**
**Against Defendant TransPerfect Legal Solutions, Inc.**

56. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

57. Plaintiff had disabilities within the meaning of the ADA.

58. Plaintiff was capable of performing the essential functions of her position with reasonable accommodation.

59. Defendants had notice of Plaintiff's disabilities and disability-related limitations.

60. Defendants failed to engage in a good-faith interactive process after learning of Plaintiff's disabilities.

61. Reasonable accommodations were available that would have allowed Plaintiff to perform her job without being forced to disclose private disability-related information to her team or endure disability-based hostility.

62. Defendants failed to provide reasonable accommodations and instead maintained conditions that made Plaintiff's continued employment untenable.

63. Defendants thereby violated the ADA.

## COUNT III
## ADA-Retaliation
## Against Defendant TransPerfect Legal Solutions, Inc.

64. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

65. Plaintiff engaged in protected activity by disclosing her disabilities, requesting reasonable accommodations, opposing disability-based treatment, complaining to Human Resources and management regarding disability-related hostility, and sending Human Resources a written legal notice invoking ADA protections on October 1, 2025.

66. After Plaintiff engaged in protected activity, Defendants placed and/or maintained Plaintiff on a Performance Improvement Plan, removed her from billable work, denied her reasonable accommodation, and separated her from employment on or about October 7 or 8, 2025.

67. Defendant TransPerfect Legal Solutions, Inc. retaliated against Plaintiff because she engaged in protected activity under the ADA.

## COUNT IV
## Aiding and Abetting Discrimination - Pennsylvania Human Relations Act
## Against Defendants Marvin Contreras and Catherine Dupont

68. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

69. The Pennsylvania Human Relations Act prohibits individuals from aiding, abetting, inciting, compelling, or coercing unlawful discriminatory practices.

70. Defendant Marvin Contreras had supervisory authority over Plaintiff and, acting individually, jointly, and/or severally with other Defendants, required Plaintiff to announce to her whole team that she is autistic, criticized and mocked Plaintiff's neurodivergent communication style, removed Plaintiff from work, maintained a structurally impossible performance framework, and substantially contributed to Plaintiff's separation from employment.

71. Defendant Catherine Dupont was, upon information and belief, the Human Resources Generalist involved in receiving, reviewing, and/or responding to Plaintiff's Human Resources communications concerning her disability-related treatment.

72. Defendant Catherine Dupont had actual knowledge of Plaintiff's disability-related complaints and, upon information and belief, failed to take effective action to prevent or correct the discriminatory conduct.

73. Defendants Marvin Contreras and Catherine Dupont participated in, directly engaged in, and/or substantially contributed to the denial of accommodation, disclosure of Plaintiff's private disability-related information, disability-based hostile work environment, and separation from employment.

74. By engaging in this conduct, Defendants Marvin Contreras and Catherine Dupont aided and abetted the discriminatory practices of Defendant TransPerfect Legal Solutions, Inc. in violation of the PHRA.

## COUNT V
### Disability Discrimination - Pennsylvania Human Relations Act Against Defendant TransPerfect Legal Solutions, Inc.

75. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.
76. The Pennsylvania Human Relations Act prohibits employers from discriminating against employees on the basis of disability.
77. Plaintiff is a person with a disability within the meaning of the PHRA.
78. Plaintiff was capable of performing the essential functions of her position with reasonable accommodation.
79. Defendant TransPerfect Legal Solutions, Inc. was aware of Plaintiff's disabilities and disability-related limitations.
80. Despite this knowledge, Defendant TransPerfect Legal Solutions, Inc. failed to reasonably accommodate Plaintiff's disabilities, failed to protect Plaintiff's private disability-related information, and permitted a disability-based hostile work environment.
81. Defendant TransPerfect Legal Solutions, Inc. further maintained conditions that made Plaintiff's continued employment untenable and separated Plaintiff from employment because of her disability and because she requested reasonable accommodations.
82. The conduct of Defendant TransPerfect Legal Solutions, Inc. constitutes unlawful discrimination in violation of the PHRA.

**WHEREFORE,** Plaintiff Samantha Healy demands judgment in her favor and against Defendants TransPerfect Legal Solutions, Inc., Marvin Contreras, and Catherine Dupont, individually, jointly and/or severally, including:

a. Enter judgment in favor of Plaintiff and against Defendants;

b. Award back pay and lost benefits;

c. Award front pay;

d. Award compensatory damages;

e. Award punitive damages;

f. Award attorney's fees and costs;

g. Award pre- and post-judgment interest;

h. Grant equitable relief necessary to make Plaintiff whole; and

i. Grant such other relief as this Court deems just and proper.

**WEISBERG LAW**

*/s/ David A. Berlin, Esq.*
David A. Berlin, Esq.
Matthew B. Weisberg, Esq.
Gary Schafkopf, Esq.
Attorneys for Plaintiff